PETER A. SCHEY (CAL. BAR NO. 58232)
CARLOS R. HOLGUIN (CAL. BAR NO. 90754)
CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
email: pschey@centerforhumanrights.org
       crholguin@centerforhumanrights.org

AMY KAIZUKA (CAL. BAR NO. 224279)
JULIA R. WILSON (CAL. BAR NO. 196829)
ONEJUSTICE
1055 Wilshire Blvd., Ste. 166
Los Angeles, CA 90017
Telephone: (213) 784-3937
email: akaizuka@one-justice.org
       jwilson@one-justice.org

*Attorney for Plaintiffs (listing continues on following page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, NATIONAL PARTNERSHIP FOR NEW AMERICANS, UNIDOSUS, CASA, EL RESCATE, MICHIGAN UNITED, MI FAMILIA VOTA, NEW YORK IMMIGRATION COALITION, ONEAMERICA, <br><br>        Plaintiffs, <br> - vs – <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DEPARTMENT OF HOMELAND SECURITY, <br><br>        Defendant. | CASE NO. 2:18-CV-08034 <br><br> COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF (FREEDOM OF INFORMATION ACT). |

*Plaintiffs' counsel continued:*

ERIN C. GANGITANO (CAL. BAR NO. 229824)
ASIAN PACIFIC ISLANDER LEGAL OUTREACH
1121 Mission St.
San Francisco, CA 94103
Telephone: (415) 567-6255
Facsimile: (415) 567-6248
email: ecgangitano@apilegaloutreach.org

LUIS A. PEREZ JIMENEZ (CAL. BAR NO. 319857)
CINTHIA NATALY FLORES (CAL. BAR NO. 304025)
COALITION FOR HUMANE IMMIGRANT RIGHTS
2533 W. Third St., Suite 101
Los Angeles, CA 90057
Telephone: (213) 353-1333
Facsimile: (213) 353-1344
email: lperez@chirla.org
         cflores@chirla.org

/ / /

# I

# INTRODUCTION

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), to compel the United States Citizenship and Immigration Services ("USCIS"), to disclose public records of general, non-commercial value. Plaintiffs seek access to USCIS records which will further Plaintiffs' study and assessment of the federal Government's costs, budget allocations for, policies and practices relating to the adjudication of and delays in processing N-400 naturalization applications. In response to Plaintiffs' FOIA requests, the USCIS has failed to provide an actual determination within the time limits prescribed by law, as to whether it will furnish or withhold requested records, and has refused to waive fees for processing Plaintiffs' FOIA Request. Plaintiffs sue to enforce their rights to access to non-commercial public documents without fee, or at a reduced fee, and without further delay. Defendant's extreme vetting of natualization applications and delays in the processing of these applications denies thousands of lawful permanent residents the opportunity to more fully participate in civic life and to vote in important uncoming elections.

# II

# JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is properly in this judicial district pursuant to 5 U.S.C. § 552(a)(4)(B) because several of the plaintiffs, including the Coalition for

Humane Immigrant Rights and El Rescate have their principal places of business within the jurisdiction of the Central District of California. See 5 U.S.C. § 552(a)(4)(B) ("Under the FOIA, an agency may be sued in the district where the plaintiff resides or has his principal place of business, or in the district where the records are located, or in the District of Columbia").

## III

## PARTIES

3. Plaintiff Coalition for Humane Immigrant Rights (CHIRLA) is headquartered in Los Angeles, California and is a non-profit organization working to achieve a society inclusive of immigrants. CHIRLA organizes and serves individuals, institutions and coalitions to build power, transform public opinion, and change policies to achieve full human, civil and labor rights for immigrants. CHIRLA is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

4. Plaintiff National Partnership for New Americans (NPNA) is a partnership representing the collective power and resources of the country's 37 regional immigrant and refugee rights organizations in 31 states. Its members provide services—including naturalization, DACA renewal application processing, voter registration and health care enrollment—for their communities, and they combine service delivery with organizing tactics to advance local, state and federal policies. NPNA is a "person"

within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

5. Plaintiff UnidosUS (previously known as National Council of La Raza (NCLR)) is headquartered in Washington, D.C. and is the nation's largest Hispanic civil rights and advocacy organization. Through its combination of research, advocacy, programs, and an Affiliate Network of nearly 300 community-based organizations UnidosUS challenges the social, economic, and political barriers that affect Latinos at the national and local levels. UnidosUS is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

6. Plaintiff CASA is headquartered in Maryland and is working to organize, advocate for, and expand opportunities for Latino and immigrant people in the state of Maryland. CASA does this by providing employment placement, workforce development and training, health education, citizenship and legal services, and financial, language, and literacy training to Latino and immigrant communities throughout the state. CASA is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

7. Plaintiff El Rescate is headquartered in Los Angeles, CA and is a non-profit corporation dedicated to empowering immigrants to improve their political and economic well-being in order to promote their full participation as citizens. El Rescate

is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

8. Plaintiff Michigan United is headquartered in Michigan and is an organization of community members and institutions fighting for the dignity and potential of every person. Michigan United is committed to participatory democracy at every level, an economy that works for the many, and society that dismantles racism while uplifting our common humanity. Michigan United is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

9. Plaintiff Mi Familia Vota has locations in Arizona, California, Texas, Colorado, Nevada, and Florida and is a national civic engagement organization that unites Latino, immigrant, and allied communities to promote social and economic justice through citizenship workshops, voter registration, and voter participation. Mi Familia Vota is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

10. Plaintiff New York Immigration Coalition (NYIC) is headquartered in New York and is a policy and advocacy organization that represents immigrant and refugee rights groups throughout New York. The NYIC membership base includes grassroots and nonprofit community organizations, religious and academic institutions, labor unions, as well as legal and socioeconomic justice organizations.  NYIC is an "organization" within the meaning of 5 U.S.C. § 551(2),

and is one of the organizations that requested access to Defendant's records as alleged herein.

11. Plaintiff OneAmerica is headquartered in Washington and is the largest immigration and refugee advocacy organization in the state of Washington, organizing with and advocating for diverse communities including Latin, African, and Asian. OneAmerica advances the fundamental principles of democracy and justice at the local, state, and national level by building power within immigrant communities in collaboration with key allies. OneAmerica is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

12. Defendant United States Citizenship and Immigration Services (USCIS) is a component agency of the United States Department of Homeland Security charged with setting and implementing policies around naturalization and processing and adjudicating naturalization applications. Defendant USCIS also has custody and control of the public records Plaintiffs requested pursuant to the FOIA, as alleged herein.

IV

FACTUAL ALLEGATIONS

13. On August 6, 2018, Plaintiffs submitted a written request pursuant to 5 U.S.C. § 552 ("FOIA Request") to defendant USCIS seeking access to the following categories of documents:

- All documents that report to USCIS Headquarters and those generated by USCIS Headquarters on numbers of approvals and denials of N-400 naturalization applications including but not limited to data compilations that in any way provide the reasons for denials of N-400 naturalization applications.

- All documents compiling data submitted by one or more of the agency's locations processing or adjudicating N-400 naturalization applications or produced by USCIS Headquarters related to the volume of or reasons for RFEs ("Requests For Evidence") and NOID ("Notices of Intent to Deny") notifications issued in N-400 cases.

- All documents compiling data submitted by one or more of the agency's locations processing or adjudicating N-400 naturalization applications or produced by USCIS Headquarters related to the delay in processing N-400 applications.

- All documents relating to funds allocated by Congress for the processing and/or adjudication of N-400 applications.

- All documents compiling data that show the fees received with naturalization applications, excluding documents relating to individual cases such as receipts, deposits, etc.

- All documents regarding USCIS's allocation of funds to its various facilities and field offices for the processing or adjudication of N-400 applications.

- All documents relating in whole or in part to decisions by USCIS officials regarding allocations of funds to the processing centers and field offices for the adjudication of N-400 applications.

- All documents that address or concern delays or backlogs in the processing time for naturalization applications.

- To the extent not provided in response to Request Number 8, all data compilations and spreadsheets addressing in whole or in part delays or backlogs in the processing or adjudication of naturalization applications.

- To the extent not provided in response to a separate request, all documents reporting on: (a) the volume of naturalization applications received; (b) where the applications were received; (c) where the applications were processed and adjudicated; and (d) how long it took to fully process and adjudicate the naturalization applications.

- All documents relating to inquiries from or responses to members of Congress relating to the delays in processing N-400 applications.

- All documents including but not limited to memoranda, guidance, instructions, or directives issued to facilities, centers, or field offices discussing policy or procedures to be followed in the processing or adjudication of N-400 applications.

- All documents and data compilations sent to or prepared by the Administrative Appeals Office addressing the number of pending and decided appeals of denials of N-400 applications and the outcome of those appeals. This request does not seek copies of the individual appeals or decisions.

- All documents sent to or prepared by USCIS regarding delays in naturalization applications due to problems implementing or using the Electronic Immigration System ("ELIS").

- All documents and data relied upon in The Department of Homeland Security Ombudsman 2017 Annual Report To Congress regarding the USCIS (at https://www.dhs.gov/sites/default/files/publications/DHS%20Annual%20Report%202017_0.pdf).

- All documents and data relied upon in The Department of Homeland Security Office of Inspector General Report "USCIS Has Been Unsuccessful in Automating Naturalization Benefits Delivery," dated November 30, 2017 (at https://www.oig.dhs.gov/reports/2018/uscis-has-been-unsuccessful-automating-naturalization-benefits-delivery/oig-18-23).

- All complaints filed by naturalization applicants or those acting on behalf of naturalization applicants regarding inappropriate, abusive, or discriminatory treatment of naturalization applicants by USCIS employees.

- All documents related to a review, update, or revision of the USCIS Fee Review Study described here: https://www.federalregister.gov/documents/2016/05/04/2016-10297/us-citizenship-and-immigration-services-fee-schedule.

- All documents relied upon, issued in response to, or to implement the change in the mission of USCIS announced on February 22, 2018 described here:

https://www.uscis.gov/news/news-releases/uscis-director-l-francis-cissna-new-agency-mission-statement

- All documents received by USCIS from the White House or forwarded by USCIS to the White House regarding in whole or in part the processing or adjudication of naturalization applications.

14. The FOIA Request asked Defendant USCIS to waive fees for processing Plaintiffs' request pursuant to 6 C.F.R. § 5.11(k) on the grounds (i) that Plaintiffs are non-profit organizations, and (ii) that the requested information will be used solely for humanitarian purposes

15. The FOIA Request also advised, "[i]f you find it impossible to produce all documents called for by this request within the statutorily prescribed time limits, please produce all documents that are located by you within such time and advise us when you believe the remainder of the documents requested will be produced."

16. More than 30 days have passed since the request was submitted, and Defendant has not notified Plaintiffs as to whether it will comply with their request. Thus, under 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(C), Plaintiffs has exhausted the applicable administrative remedies with respect to their FOIA request.

17. In light of Defendant's non-response to Plaintiffs' Request, an administrative appeal is not required. Nevertheless, on September 14, 2018 Plaintiffs brought Defendant's non-response to Plaintiffs' Request to the attention of the agency by way of administrative appeal.

18. Plaintiffs have private rights of action against Defendant USCIA, as pleaded herein, pursuant to 5 U.S.C. § 552 and the Administrative Procedure Act, 5 U.S.C. § 706.

V

FIRST CLAIM FOR RELIEF

[Failure to Make Timely Determination of FOIA Request]

19. Plaintiffs reallege and incorporate by reference ¶¶ 1 through 18 of this Complaint as though fully set forth here.

20. Plaintiffs have received no communication from USCIS that contains the notification required by 5 U.S.C. § 552(a)(6)(A)(i). Defendant USCIS's failure to respond within the statutory time limit violates 5 U.S.C. § 552(a)(6)(A) and prejudices Plaintiffs by preventing them from undertaking any collateral action on Defendant's likely attempts to avoid producing the requested documents. Defendant's failure to make a timely determination on Plaintiffs' FOIA Request is arbitrary and capricious. Thus, this determination renders Defendant USCIS in violation of 5 U.S.C. § 552, 6 C.F.R. § 5.5, the Administrative Procedure Act, 5 U.S.C. §§ 706, *et seq.*, and the Due Process Clause of the Fifth Amendment to the United States Constitution.

# VI

## SECOND CLAIM FOR RELIEF

[Unlawful refusal to waive or reduce fees]

21. Plaintiffs reallege and incorporate by reference ¶¶ 1 through 18 of this Complaint as though fully set forth here.

22. Plaintiffs' FOIA Request seeks disclosure of documents without commercial value and solely to further governmental transparency by allowing a study and assessment of the federal Government's costs, budget allocations for, policies and practices relating to the adjudication of and delays in processing of N-400 naturalization applications. Defendant USCIS's refusal to waive or reduce fees for processing Plaintiffs' FOIA Request amounts to a violation of 5 U.S.C. § 552, 6 C.F.R. § 5.11(k)(1), the Administrative Procedure Act, 5 U.S.C. §§ 706, *et seq.*, and the Due Process Clause of the Fifth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray this Court —

1. Enjoin Defendants from demanding fees, or refusing to reduce fees, as a condition of producing the records Plaintiffs' FOIA Request seeks;

2. Enjoin Defendants from withholding the agency records Plaintiffs' FOIA Request seeks and require Defendants to produce such records forthwith, or in the alternative, to make a determination forthwith regarding Plaintiffs' FOIA Request that meets the requirements of 5 U.S.C. §552(a)(4)(G)(6) and 6 C.F.R. § 5.5;

3. Make a written finding pursuant to 5 U.S.C. § 552(a)(4)(F) that the circumstances surrounding Defendants' withholding of the requested records raise questions whether agency personnel acted arbitrarily or capriciously with respect to such withholding; and

4. Award Plaintiffs reasonable attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) or the Equal Access to Justice Act, 28 U.S.C. § 2412(d);

5. Grant such other and further relief as Plaintiffs may seek or the Court may deem just and proper.

Dated: September 17, 2018.

PETER A. SCHEY
CARLOS R. HOLGUIN
CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW

AMY KAIZUKA
JULIA R. WILSON
ONEJUSTICE

LUIS A. PEREZ JIMENEZ
CINTHIA NATALY FLORES
COALITION FOR HUMANE IMMIGRANT
RIGHTS

ERIN C. GANGITANO
ASIAN PACIFIC ISLANDER LEGAL
OUTREACH

Signed: /s/ Peter A. Schey
*Attorneys for plaintiffs*

/ / /