PETER A. SCHEY (CAL. BAR NO. 58232)
CARLOS R. HOLGUIN (CAL. BAR NO. 90754)
CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone:  (213) 388-8693
Facsimile:  (213) 386-9484
email: pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org


AMY KAIZUKA (CAL. BAR NO. 224279)
JULIA R. WILSON (CAL. BAR NO. 196829)
ONEJUSTICE
1055 Wilshire Blvd., Ste. 166
Los Angeles, CA 90017
Telephone: (213) 784-3937
email: akaizuka@one-justice.org
        jwilson@one-justice.org

*Attorney for Plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *ET AL.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | No. CV 18-08034 GW (MRWx) <br><br> SUPPLEMENTAL JOINT RULE 26(f) REPORT <br><br> [F.R.C.P. 26(f) & L.R. 26-1] <br><br> Scheduling Conference <br> Date:  July 11, 2019 <br> Time:  8:30 a.m. <br><br> Honorable George H. Wu <br> United States District Judge |

*Plaintiffs' counsel continued:*

ERIN C. GANGITANO (CAL. BAR NO. 229824)
ASIAN PACIFIC ISLANDER LEGAL OUTREACH
1121 Mission St.
San Francisco, CA 94103
Telephone: (415) 567-6255
Facsimile: (415) 567-6248
email: ecgangitano@apilegaloutreach.org

LUIS A. PEREZ JIMENEZ (CAL. BAR NO. 319857)
CINTHIA NATALY FLORES (CAL. BAR NO. 304025)
COALITION FOR HUMANE IMMIGRANT RIGHTS
2533 W. Third St., Suite 101
Los Angeles, CA 90057
Telephone: (213) 353-1333
Facsimile: (213) 353-1344
email: lperez@chirla.org
        cflores@chirla.org

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Central District Local Rules, and the Court's June 21, 2019 Order (Docket No. 22), counsel for Plaintiffs and Defendant held several telephonic conference calls and now submit the following Joint Report in advance of the Scheduling Conference set for July 11, 2019, at 8:30 a.m.

## I.    Timing and manner of release of requested records.

Plaintiffs' position:

   1. Index to records released or withheld:

Plaintiffs acknowledge receipt of the first FOIA release of approximately 500 pages of documents. The pages were released without an index or any indication what documents respond to what requests. Plaintiffs request that Defendants produce an index of documents released indicating what request(s) each document responds to. Plaintiffs also request that for any responsive documents for which Defendant claims an exemption, Defendant list the document in an index stating (i) the date of the document, (ii) number of pages, (iii) author(s), (iv) recipient(s), (v) subject-line of the document (unless the subject line is itself exempt in which case Defendant shall state the subject of the document without disclosing exempt information), and (vi) the exemption(s) claimed. Defendant should release all segregable portions of otherwise exempt documents.

   2. Timing of release

Plaintiffs see no reason why completing the search should take an additional six months, nor do they agree to Defendant then limiting its release of documents to 500 pages a month. As Defendant has stated in a previous status report, at this pace even Defendant cannot estimate how many months or years it may take Defendant to complete its response to the FOIA request.

Twenty well-defined requests are included in the Plaintiffs' FOIA letter of August 6, 2018. As noted below, as requested by Defendant, Plaintiffs have made a good faith effort to limit the scope of their FOIA requests. Over ten months have passed since the

FOIA request was submitted. The majority of documents sought are reports routinely prepared by Defendant regarding backlogs in processing naturalization applications and the basis for grants or denials of these applications. An appropriate search hardly requires an agency-wide search of thousands of employees' or applicants' files located throughout the country. The search should be completed in 60 days (in which case Defendant would have had a year to respond to the FOIA request), and all documents located by then should be immediately disclosed along with an explanation of why any located documents are being withheld, what if any locations remain to be searched, why they have not yet been searched, and when the search will be completed.

Defendant's Position:

The primary reason this request has taken so long to process is due to the complexity of the FOIA request at issue.  Plaintiffs are requesting a vast amount of records which requires the assistance of numerous USCIS program offices throughout the agency in order to process this one FOIA request.  USCIS FOIA staff are unable to personally access and review every potentially responsive source of agency records and must, therefore, rely on other program offices within USCIS to use their expertise and time, to search their particular office's records and databases and forward those records to the USCIS FOIA office at the National Records Center in Lee's Summit, Missouri, for review and processing.[1]

To date, various USCIS program office have responded and forwarded to USCIS FOIA over 133 GB of potentially responsive records.  This includes possibly millions of pages of records.  This is a massive amount of records that must be personally reviewed by USCIS FOIA staff and processed according to FOIA. This task will consume an inordinate amount of time and resources.  USCIS FOIA staff have been dutifully

---

[1] USCIS receives more FOIA requests than any other agency in the U.S. government and expects to receive over 200,000 FOIA requests this year.  USCIS FOIA staff who are involved in processing Plaintiff's FOIA request are also responsible for processing many other FOIA requests and thus must carefully allocate their time.  They cannot be devoted to processing one FOIA request full-time.

*CHIRLA et al. v. USCIS*
CV 18-08034 GW (MRWx)
SUPPLEMENTAL JOINT RULE 26(f) REPORT

reviewing and processing responsive records.

On July 1, 2019, Defendant produced an initial 500 pages of unredacted records to Plaintiffs.  Defendant proposes to continue processing 500 pages per month and releasing any responsive, non-exempt pages to the Plaintiffs on a monthly basis, until the production is complete.

However, Defendant maintains that unless the parties are able to agree to narrow the FOIA request at issue, it will take months to complete the processing.  As a result, USCIS FOIA has been engaged with the Plaintiff in an attempt to narrow the scope of the records sought in order to more speedily, and efficiently, process and produce responsive records.  Defendant requests additional time in order to continue meeting and conferring with Plaintiff in this effort, as the two sides remain far apart on some items of this FOIA request, namely Plaintiff's insistence that USCIS FOIA continue searching its local and regional offices as well for responsive records when it is most likely that responsive records would be maintained by USCIS headquarters level offices and that field and district level local agency office searches would largely be duplicative.

USCIS objects to creating a record just to respond to Plaintiff's FOIA request. Plaintiff requests that USCIS create an index describing its FOIA production in this case. This is creation of records, which is not required by FOIA, and underscores the complex nature of Plaintiff's FOIA request, a request so complex and onerous that Plaintiff expects USCIS to create a customized index of the records it is producing. USCIS declines to create a record in this fashion. Such a request goes beyond what FOIA requires of agencies.  Further, it is premature to expect USCIS to produce a <u>Vaughn</u> index[2] describing each interim production and the bases for any FOIA exemptions

---

[2] In FOIA cases, the agency will typically identify the withheld documents and the basis on which they are being withheld by submitting a declaration(s).  In addition, where the adequacy of the agency's search is at issue, the agency relies upon declarations.  These declarations or affidavits (singly or collectively) are often referred to as a <u>Vaughn</u> Index, after the case of <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), cert. <u>denied</u>, 415 U.S. 977, 94 S.Ct. 1564 (1974).  <u>See also</u>, <u>Wiener v. FBI</u>, 943 F.2d 927 at 978, n.6 (9th Cir. 1991), <u>cert. denied</u>, 505 U.S. 1212 (1992) ("[w]e refer to these affidavits [of FBI agents and CIA officers] collectively as the <u>Vaughn</u> index").

applied.  So far all records produced by USCIS FOIA have been unredacted, but based on the volume of records involved in this case, it is likely many will be at least partially redacted pursuant to FOIA exemptions. Defendants propose that any <u>Vaughn</u> index be submitted at the time of dispositive briefing and that pertains to the entire records production, once it is complete, rather than producing a <u>Vaughn</u> index piecemeal as the production continues, as this case will require a very lengthy rolling production of records unless the parties can agree to significantly narrow the scope of the records produced.

## II. Discussion of Individual Requests

1. All documents that report to USCIS Headquarters and those generated by USCIS Headquarters on numbers of approvals and denials of N-400 naturalization applications including but not limited to data compilations that in any way provide the reasons for denials of N-400 naturalization applications.

<u>Plaintiffs' Position</u>:

Plaintiffs agree that Request 1 may be limited to searches within (1) USCIS's Headquarters (including the Executive Secretariat, the Field Operations Directorate (FOD), and the  Office of Performance and Quality Management (OPQ)), (2) the National Benefits Center (NBC), and (3) the four USCIS Regional Offices (hereinafter "Responsive Components") for responsive records created between January 1, 2016, to October 2, 2018 (the date USCIS commenced its records search following receipt of Plaintiff's FOIA request). USCIS will not be required to search A-file records or produce records that pertain to any specific individual N-400 application.

<u>Defendant's Position</u>:

Request 1 specifically seeks "All documents that report to USCIS Headquarters and those generated by USCIS Headquarters..." Accordingly, a reasonable FOIA search for responsive records would be for USCIS to search its agency headquarters offices in Washington, D.C., for responsive records, which it has searched. Plaintiffs seek to

*CHIRLA et al. v. USCIS*
CV 18-08034 GW (MRWx)
SUPPLEMENTAL JOINT RULE 26(f) REPORT

expand the scope of Request 1 to now include local and regional offices, e.g. the National Benefits Center (located in Lee's Summit, Missouri) and several regional offices. Defendant does not believe that FOIA requires that it conduct another search of local and regional offices when this item of the Plaintiffs' FOIA request specifically seeks documents that reasonably should be in the custody and control of USCIS headquarters offices such as the Office of the Executive Secretariat, Office of Performance and Quality, and the Field Operations Directorate.  To the extent these agency headquarters offices have not already been searched for records responsive to Request 1, as described by Plaintiffs herein, Defendant can agree to conduct another search of the agency headquarters offices as described herein.

Defendant agrees that its search for responsive records for item 1 of Plaintiff's request will be for records created between January 1, 2016, and October 2, 2018 (the date USCIS commenced its records search following receipt of Plaintiffs' FOIA request). USCIS agrees that it will not be required to search Alien file (A-file) records or produce records that pertain to any specific individual N-400 application.

2. All documents compiling data submitted by one or more of the agency's locations processing or adjudicating N-400 naturalization applications or produced by USCIS Headquarters related to the volume of or reasons for RFEs ("Requests  For Evidence") and NOID ("Notices of Intent to Deny") notifications issued in N-400 cases.

Plaintiffs' Position:

Plaintiffs agree that Request 2 may be limited to searches within the Responsive Components for responsive records created between January 1, 2016, to October 2, 2018 (the date USCIS commenced its records search following receipt of Plaintiff's FOIA request). USCIS will not be required to search A-file records or produce records that pertain to any specific individual N-400 application. USCIS will search for data in the form of summary agency reports reporting numbers of N-400 applications received, numbers of N-400 RFE's issued, numbers of N-400 NOIDS issued, and reports re: primary reasons RFE's are issued on N-400 applications. USCIS will not be required to

1   search A-file records or records pertaining to any individual N-400 application.

2       Defendant's Position:

3       Request item 2 seeks records "submitted" by one or more agency "locations" that

4   process N-400 applications for naturalization. The USCIS agency "locations" that

5   process N-400 applications fall under the direction and management of USCIS Field

6   Operations Directorate (FOD), a program office within USCIS that is responsible for

7   managing agency adjudications of applications and petitions submitted to USCIS that

8   seek immigration benefits, including N-400 applications. Therefore, a reasonable

9   interpretation of Request 2 would be that USCIS FOIA search the headquarters office of

10  FOD for responsive records – records submitted to FOD headquarters by FOD's

11  subordinate offices - which it has done.  Those records are currently being reviewed and

12  processed by USCIS FOIA staff.

13      Defendant agrees: (1) to continue processing FOD records that may be responsive

14  to this request; (2) will conduct additional records searches of FOD headquarters offices

15  in Washington, D.C., as necessary; and (3) will search the Offices of the Executive

16  Secretariat (the USCIS Director's office) in Washington, D.C., for any additional records

17  responsive to Request 2.  USCIS reasonably believes that the agency offices described

18  herein are the most likely offices to have records responsive to Request 2.

19      3. All documents compiling data submitted by one or more of the agency's

20  locations processing or adjudicating N-400 naturalization applications or produced by

21  USCIS Headquarters related to the delay in processing N-400 applications.

22      Plaintiffs' Position:

23      Plaintiffs agree that this request may be limited to searches within the Responsive

24  Components for responsive records created between January 1, 2016, to October 2, 2018

25  (the date USCIS commenced its records search following receipt of Plaintiff's FOIA

26  request). USCIS will not be required to search A-file records or produce records that

27  pertain to any specific individual N-400 application.

28  \\\

<u>Defendant's Position</u>:

Defendant believes a reasonable interpretation of Request 3, which seeks records "submitted" by agency offices that process N-400 applications (which would be subordinate FOD offices, as described in Request 2, above), would be to search FOD headquarters offices in Washington, D.C., for responsive records.  FOD headquarters offices would be the most likely agency location that would receive "documents submitted by one or more of the agency's locations processing…N-400 naturalization applications." USCIS has already searched FOD headquarters offices for responsive records and is currently reviewing and processing responsive records. To the extent necessary, USCIS can agree to search FOD headquarters offices further for responsive records.

USCIS agrees to search for data in the form of summary agency reports reporting numbers of N-400 applications received, numbers of N-400 RFE's issued, numbers of N-400 NOIDS issued, and reports re: primary reasons RFE's are issued on N-400 applications. USCIS agrees it will not be required to search A-file records or records pertaining to any individual N-400 application.

4. All documents relating to funds allocated by Congress for the processing and/or adjudication of N-400 applications.

<u>Parties Joint Position</u>:

USCIS has completed its search for records responsive to this item of Plaintiff's request. USCIS asserts that there are no responsive records because Congress allocates no funding to USCIS for adjudication of N-400's. USCIS asserts that it is fee-for-service funded instead, and N-400 processing is not funded through Congressional appropriations.

5. All documents compiling data that show the fees received with naturalization applications, excluding documents relating to individual cases such as receipts, deposits, etc.

\\\

1  <u>Plaintiffs' Position</u>:

2  Plaintiffs agree that Request 5 may be limited to searches within USCIS's

3  Headquarters (including the Executive Secretariat, the Field Operations Directorate

4  (FOD), and the  Office of Performance and Quality Management (OPC)) for data that

5  shows the amount of fees received by USCIS from N-400 applicants for fiscal years

6  2016 through fiscal year 2018 (Oct. 1, 2015 – Sept. 30, 2018).

7  <u>Defendant's Position</u>:

8  Defendant agrees to search the USCIS headquarters offices of the Executive

9  Secretariat, Field Operations Directorate and Office of Performance and Quality, in

10  Washington, D.C., for records responsive to Request 5. Defendant's search will be

11  limited to searching for agency statistical reports that compile data showing the amount

12  of fees received from N-400 applicants for the fiscal years (FY) specified in Plaintiffs'

13  position – FY's 2016, 2017, and 2018.

14  6.  All documents regarding USCIS's allocation of funds to its various facilities

15  and field offices for the processing or adjudication of N-400 applications.

16  <u>Plaintiffs' Position</u>:

17  Plaintiffs agree that Request 6 may be limited to searches within USCIS's

18  Responsive Components for documents regarding USCIS's allocation of funds to its

19  various facilities and field offices for the processing or adjudication of N-400

20  applications for fiscal years 2016 through fiscal year 2018 (Oct. 1, 2015 – Sept. 30,

21  2018).

22  <u>Defendant's Position</u>:

23  USCIS FOIA understands that USCIS does not allocate funding to agency offices

24  based on a "per-application basis," meaning there is no funding allocated specifically for

25  N-400 adjudications. Accordingly, USCIS agrees to search the headquarters of FOD for

26  records showing the allocation of funding to subordinate FOD area and district offices

27  for the adjudication of immigration applications and petitions, which will include

28  adjudication of N-400 applications. USCIS will search for agency funding data, as

described, for FY's 2016, 2017, and 2018.

7. All documents relating in whole or in part to decisions by USCIS officials regarding allocations of funds to the processing centers and field offices for the adjudication of N- 400 applications.

Plaintiffs' Position:

Plaintiffs agree that Request 7 may be limited to searches within USCIS's Responsive Components for documents relating in whole or in part to decisions by USCIS officials regarding allocations of funds to the processing centers and field offices for the adjudication of N- 400 applications for fiscal years 2016 through fiscal year 2018 (Oct. 1, 2015 – Sept. 30, 2018).

Defendant's Position:

Senior USCIS management officials are responsible for making decisions regarding allocation of agency finances to USCIS processing centers (area and district offices around the U.S.) that are responsible for adjudicating N-400 applications. Accordingly, a reasonable FOIA search for records responsive to Request 7 would be for USCIS FOIA to search senior agency manager's records, such as emails. USCIS agrees to search the email records of the USCIS Director (or Acting Director) as well as its Deputy Director (or Acting Director) and the Director (or Acting Director) of FOD for records related to funding decisions for N-400 processing. USCIS FOIA will agree to search for email records from these individuals that were created between January 1, 2016 (the date specified in Plaintiffs' FOIA request), and October 2, 2018, which was the date USCIS FOIA commenced its records search upon receipt of Plaintiffs' FOIA request.

8. All documents that address or concern delays or backlogs in the processing time for naturalization applications.

Plaintiffs' Position:

Plaintiffs agree that Request 8 may be limited to searches within USCIS's Responsive Components for documents that address or concern delays or backlogs in the

processing time for naturalization applications. In addition, Plaintiffs agree Defendant may limit its search of emails to the emails of the USCIS Director (or Acting Director), USCIS Deputy Director (or Acting Deputy Director), the FOD Director (or Acting FOD Director) and the FOD Deputy Director (or Acting Deputy Director) that were sent between March 1, 2017, to October 2, 2018, ("E-Mail Records") by these individuals and that discuss delays or backlogs in the processing time for naturalization applications.

<u>Defendant's Position</u>:

Request 8 is similar to the data sought by Plaintiffs in Request 3, which also sought USCIS records related to alleged delays in N-400 processing. Defendant's response to Request 3, above, is incorporated by reference here. Defendant reasonably believes that Request 8 is subsumed by the USCIS records search relevant to Request 3. Further, it will be unreasonably burdensome for Defendant to search every agency employee's records for "documents that address or concern delays or backlogs in the processing time for naturalization applications." Such a search would necessarily entail searching every USCIS employee's email records. As there are over 20,000 USCIS employees, that would be an unreasonably burdensome records search. Instead, senior USCIS agency managers would be the primary decision makers on issues regarding how USCIS should address concerns related to N-400 delays, and, as a result, would be reasonably likely to have such records. Therefore, Defendant agrees to limit its search to the emails of the USCIS Director (or Acting Director), USCIS Deputy Director (or Acting Deputy Director), the FOD Director (or Acting FOD Director) and the FOD Deputy Director (or Acting Deputy Director) that were sent between March 1, 2017, and October 2, 2018, and that discuss delays or backlogs in the processing time for naturalization applications.

9. To the extent not provided in response to Request Number 8, all data compilations and spreadsheets addressing in whole or in part delays or backlogs in the processing or adjudication of naturalization applications.

\\\

<u>Plaintiffs' Position</u>:

Plaintiffs agree that Request 9 may be limited to searches within the Responsive Components for responsive records created between January 1, 2016, to October 2, 2018. USCIS will not be required to search A-file records or produce records that pertain to any specific individual N-400 application.

<u>Defendant's Position</u>:

Request 9 is duplicative of Plaintiffs' Requests 3 and 8, which also seek USCIS records related to any delays or backlogs in N-400 processing.  Defendant believes Request 9 is subsumed by its response to Request numbers 3 and 8.  Therefore, Defendant's responses to Requests 3 and 8 are incorporated herein by this reference.

10. To the extent not provided in response to a separate request, all documents reporting on: (a) the volume of naturalization applications received; (b) where the applications were received; (c) where the applications were processed and adjudicated; and (d) how long it took to fully process and adjudicate the naturalization applications.

<u>Plaintiffs' Position</u>:

Plaintiffs agree that Request 10 may be limited to searches within the Responsive Components for (1) responsive records created between January 1, 2016, to October 2, 2018 and (2) Email Records as defined above. USCIS will not be required to search A-file records or produce records that pertain to any specific individual N-400 application.

<u>Defendant's Position</u>:

Defendant agrees that it will search for email records responsive to Request 10 that were created by the USCIS Director (or Acting Director), USCIS Deputy Director (or Acting Deputy Director), the FOD Director (or Acting FOD Director) and the FOD Deputy Director (or Acting Deputy Director) and that were sent between March 1, 2017, and October 2, 2018.

However, Defendant objects to also searching local and regional agency offices for responsive records, as contemplated by Plaintiffs' definition "Responsive Components" (*see* Plaintiff's Position for Request 1). USCIS FOIA staff reasonably

believes that all documents responsive to Request 10 will have been compiled by agency headquarters staff, especially by such officials as the USCIS Director, Deputy Director and FOD Director. A search of the email records of these senior officials is most likely to locate responsive records that "report" on the volume of N-400 applications, where they are received and processed, and the processing time.  It would be inordinately burdensome for USCIS FOIA staff to also have to search the records of individual employees at the local and regional levels, as contemplated by Plaintiff's request that USCIS FOIA also search its "Responsive Components."

11. All documents relating to inquiries from or responses to members of Congress relating to the delays in processing N-400 applications.

Plaintiffs' Position:

Plaintiffs agree Defendant may limit the search to the USCIS Office of Legislative Affairs for records received from members of Congress between March 1, 2017, and Oct. 2, 2018, that pertain to Congressional inquiries related to delays in N-400 processing.

Defendant's Position:

Defendant concurs with Plaintiffs' position regarding Request 11 and agrees to limit its search for records responsive to Request 11 to the USCIS Office of Legislative Affairs, as described by Plaintiffs, above.

12. All documents including but not limited to memoranda, guidance, instructions, or directives issued to facilities, centers, or field offices discussing policy or procedures to be followed in the processing or adjudication of N-400 applications.

Plaintiffs' Position:

Plaintiffs agree that Request 12 may be limited to searches (1) within the Responsive Components created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above. Plaintiffs agree that Defendant will compile responsive draft documents and provide Plaintiffs with a list of the draft documents for which an exemption may be asserted including the documents' dates, page lengths, author,

recipient(s), and subject matter as set forth in the document. Plaintiffs agree to meet and confer with USCIS about the production of any draft agency material Plaintiffs would like produced that pertains to the final agency documents described herein.

Defendant's Position:

Defendant agrees to search USCIS headquarters offices in Washington, D.C., such as the Office of the Executive Secretariat and FOD, for records responsive to Request 12, as those offices are the most likely to maintain responsive records.  However, Defendant objects to searching for responsive records at the agency's local and regional level, as defined by Plaintiff. *See* Defendant's response to Request 10. Agency guidance records, instructions and policies that are issued to agency field and district offices for adjudicating N-400 applications would necessarily emanate from USCIS headquarters and be disseminated to the agency's local offices. Therefore, a reasonable search for such records should be limited to the agency offices that promulgated that guidance in the first instance, necessarily, USCIS headquarters offices.  A search of USCIS local and regional offices would be inordinately time and resource consuming, and largely, duplicative of the agency's search of its headquarters offices in Washington, D.C.

Further, USCIS agrees that it will limit its search of agency email records responsive to this item to the emails of the USCIS Director, Deputy Director and FOD Director, and any Acting Directors of such offices, that were sent between March 1, 2017, and October 2, 2018.

Moreover, Defendant will search for final agency documents that reflect guidance, instructions, directives, etc., on N-400 processing, as that will be the operative "agency law" on this subject. However, USCIS agrees to also compile draft versions of this material and agrees to meet and confer at a later date with Plaintiffs over the production of draft versions of such agency guidance.  USCIS FOIA has already conducted a search for responsive records and compiled thousands of pages of draft material that may largely be exempt from FOIA production, so Defendant proposes to first produce final versions of agency guidance material, as contemplated by Request 12, and discuss with

1  Plaintiffs the need to produce draft materials at a later date.

2       13. All documents and data compilations sent to or prepared by the Administrative

3  Appeals Office addressing the number of pending and decided appeals of denials of N-

4  400 applications and the outcome of those appeals. This request does not seek copies of

5  the individual appeals or·decisions.

6       <u>Plaintiffs' Position</u>:

7       Plaintiffs agree that USCIS will search the USCIS Administrative Appeals Office

8  (AAO), for responsive records created by AAO between Jan. 1, 2016, and Oct. 2, 2018,

9  and USCIS will also search for any summary AAO reports on the outcome of AAO

10  appeals. Plaintiffs agree that USCIS is not required to search for A-file records or

11  produce any records that pertain to specific individual AAO appeals and adjudications.

12  The search will be limited to summary reports that do not include personally identifiable

13  information pertaining to individual N-400 applicants and appellants.

14       <u>Defendant's Position</u>:

15       Defendant concurs with Plaintiffs' position with regard to Request 13.

16       14. All documents sent to or prepared by USCIS regarding delays in naturalization

17  applications due to problems implementing or using the Electronic Immigration System

18  ("ELIS").

19       <u>Plaintiffs' Position</u>:

20       Plaintiffs agree that Request 14 may be limited to searches (1) within the

21  Executive Secretariat, the Field Operations Directorate (FOD), and the Office of

22  Performance and Quality Management (OPQ), created between Jan. 1, 2016 and Oct. 2,

23  2018, and (2) Email Records as defined above.

24       <u>Defendant's Position</u>:

25       Defendant concurs with Plaintiffs' position regarding Request 14. Insofar as

26  USCIS FOIA searches email records responsive to this item of Plaintiffs' request,

27  USCIS agrees to limit its search to the emails of the USCIS Director, Deputy Director

28  and FOD Director, and any Acting Directors of such offices, that were sent between

March 1, 2017, and October 2, 2018.

15. All documents and data relied upon in The Department of Homeland Security Ombudsman 2017 Annual Report To Congress regarding the USCIS (at https://www.dhs.gov/sites/default/files/publications/OHS%20Annual%20Rep011%2020 170.pdf).

Plaintiffs' Position:

Plaintiffs agree that Request 15 may be limited to searches (1) within the Executive Secretariat, the Field Operations Directorate (FOD), and the Office of Performance and Quality Management (OPQ), created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above. Even if this request seeks records created by another agency, USCIS is required to respond to the extent requested records are in its possession.

Defendant's Position:

Request 15 of Plaintiff's FOIA request seeks records created by another agency. USCIS has already referred this portion of the request to the DHS Ombudsman's office, on July 1, 2019, for review and a direct response to Plaintiffs. USCIS has no authority to search the offices of the DHS Ombudsman for responsive records nor does the FOIA require that an agency search another agency for records responsive to a FOIA request.

16. All documents and data relied upon in The Department of Homeland Security Office of Inspector General Report (OIG) "USCIS Has Been Unsuccessful in Automating Naturalization Benefits Delivery," dated November 30, 2017 (at https://www.oig.dhs.gov/reports/2018/uscis-has-been-unsuccessful-automating-naturalization-benefits-delivery/oig-18-23).

Plaintiffs' Position:

Plaintiffs agree that Request 16 may be limited to searches (1) within the Executive Secretariat, the Field Operations Directorate (FOD), and the Office of Performance and Quality Management (OPQ), created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above. Even if this request seeks records created

by another agency, USCIS is required to respond to the extent requested records are in its possession.

Defendant's Position:

Request 16 seeks records created by another agency, the DHS Office of Inspector General (OIG). Defendant refers the Court to its response to Request 15, above, and likewise, USCIS FOIA has already referred Request 16 to the DHS OIG, on July 1, 2019, for review and a direct response to Plaintiff. USCIS has no authority to search the DHS OIG for responsive records nor does FOIA require that USCIS search another agency for records responsive to a FOIA request.

17. All complaints filed by naturalization applicants or those acting on behalf of naturalization applicants regarding inappropriate, abusive, or discriminatory treatment of naturalization applicants by USCIS employees.

Plaintiffs' Position:

Plaintiffs agree that Request 17 may be limited to searches (1) within the Executive Secretariat, the Field Operations Directorate (FOD), and the Office of Performance and Quality Management (OPQ), created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above. The Plaintiffs agree that USCIS is not required to search A-files for responsive records.

Defendant's Position:

USCIS agrees that it is not required to search A-files for records responsive to Request 17 and agrees to limit its search to the Executive Secretariat and FOD headquarters in Washington, D.C. USCIS OPQ is not a USCIS agency program office that would receive applicant complaints relating to any benefit adjudicated by USCIS, including N-400's, so it would not be an efficient use of agency time and resources to conduct a futile search of OPQ for records responsive to Request 17. The USCIS headquarters offices of the Executive Secretariat and FOD would be the most reasonably likely to maintain any responsive records, if they exist. Further, USCIS agrees that it will limit email searches for records responsive to this item of Plaintiffs' request to the emails

*CHIRLA et al. v. USCIS*
CV 18-08034 GW (MRWx)
SUPPLEMENTAL JOINT RULE 26(f) REPORT

of the USCIS Director, Deputy Director and FOD Director, and any Acting Directors of such offices, that were sent between March 1, 2017, and October 2, 2018.

18. All documents related to a review, update, or revision of the USCIS Fee Review Study described here: https://www.federalregister.gov/documents/2016/05/04/2016-10297/us-citizenship-and-immigration-services-fee-schedule.

Plaintiffs' Position:

Plaintiffs agree that Request 18 may be limited to searches (1) within the Executive Secretariat, the Field Operations Directorate, and the Office of Performance and Quality Management, created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above. The Plaintiffs agree that USCIS is not required to search A-files for responsive records.

Defendant's Position:

Defendant concurs with Plaintiff's position regarding Request 18.  Insofar as USCIS FOIA searches email records responsive to Request 18, USCIS agrees to limit its search to the emails of the USCIS Director, Deputy Director and FOD Director, and any Acting Directors of such offices, that were sent between March 1, 2017, and October 2, 2018.

19. All documents relied upon, issued in response to, or to implement the change in the mission of USCIS announced on February 22, 2018 described here: https://www.uscis.gov/news/news-releases/uscis-director-l-francis-cissna-new-agency-mission-statement

Plaintiffs' Position:

Plaintiffs agree that Request 19 may be limited to searches (1) within the Executive Secretariat, the Field Operations Directorate (FOD), and the Office of Performance and Quality Management (OPQ), created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above.

\\\

19

1   <u>Defendant's Position</u>:

2   Defendant concurs with Plaintiffs' position regarding Request 19.  Insofar as

3   USCIS FOIA searches email records responsive to Request 19, USCIS agrees to limit its

4   search to the emails of the USCIS Director, Deputy Director and FOD Director, and any

5   Acting Directors of such offices, that were sent between March 1, 2017, and October 2,

6   2018.

7   20. All documents received by USCIS from the White House or forwarded by

8   USCIS to the White House regarding in whole or in part the processing or adjudication

9   of naturalization applications.

10   <u>Plaintiffs' Position</u>:

11   Plaintiffs agree that Request 20 may be limited to searches (1) within the

12   Executive Secretariat, the Field Operations Directorate (FOD), and the Office of

13   Legislative Affairs, created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email

14   Records as defined above.

15   <u>Defendant's Position</u>:

16   Defendant concurs with Plaintiffs' position regarding Request 20. Insofar as

17   USCIS FOIA searches email records responsive to Request 20, USCIS agrees to limit its

18   search to the emails of the USCIS Director, Deputy Director and FOD Director, and any

19   Acting Directors of such offices, sent between March 1, 2017, and October 2, 2018.

20   Defendant adds, however, that any White House created equity must be referred to the

21   White House for review and a response, as appropriate.  USCIS agrees to limit its search

22   \\

23   \\

24   \\

25   \\

26   \\

27   \\

28   \\

*CHIRLA et al. v. USCIS*
CV 18-08034 GW (MRWx)
SUPPLEMENTAL JOINT RULE 26(f) REPORT

1  for records created by USCIS that were sent to the White House, as described herein.

2                                          Respectfully submitted,

3  Dated:  July 5, 2019         PETER A. SCHEY

                                   CARLOS R. HOLGUIN

4                                     CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW

5                                     */s/ Peter A. Schey*

6                                    _____

                                   Attorneys for Plaintiffs

7

8  Dated:  July 5, 2019         NICOLA T. HANNA

                                   United States Attorney

9                                     DAVID M. HARRIS

                                   Assistant United States Attorney

10                                   Chief, Civil Division

                                   JOANNE S. OSINOFF

11                                     Assistant United States Attorney

                                   Chief, General Civil Section, Civil Division

12                                     */s/ Alarice M. Medrano*

13                                     _____

                                   ALARICE M. MEDRANO

14                                     Assistant United States Attorney

15                                     Attorneys for Defendant, United States

16                                     Citizenship and Immigration Services, Department of Homeland Security

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, Laura Diamond, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On July 5, 2019 I electronically filed the following document(s):

- SUPPLEMENTAL JOINT RULE 26(f) REPORT

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Laura Diamond
*Staff Attorney*

*CHIRLA et al. v. USCIS*
CV 18-08034 GW (MRWx)
SUPPLEMENTAL JOINT RULE 26(f) REPORT