PETER A. SCHEY (CAL. BAR NO.58232)
CARLOS R. HOLGUIN (CAL. BAR NO.90754)
CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
email: pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

AMY KAIZUKA (CAL. BAR NO. 224279)
JULIA R. WILSON (CAL. BAR NO. 196829)
ONEJUSTICE
1055 Wilshire Blvd., Ste. 166
Los Angeles, CA 90017
Telephone: (213) 784-3937
email: akaizuka@one-justice.org
jwilson@one-justice.org

*Attorney for Plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *ET AL*.,<br><br>            Plaintiffs,<br><br>      v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DEPARTMENT OF HOMELAND SECURITY,<br><br>            Defendant. | No. CV 18-08034 GW (MRWx)<br><br>JOINT STATUS REPORT<br><br>Status Conference<br>Date:  September 12, 2019<br>Time:  8:30 a.m.<br><br>Honorable George H. Wu<br>United States District Judge |

*Plaintiffs' counsel continued:*

ERIN C. GANGITANO (CAL. BAR NO. 229824)
ASIAN PACIFIC ISLANDER LEGAL OUTREACH
1121 Mission St.
San Francisco, CA 94103
Telephone: (415) 567-6255
Facsimile: (415) 567-6248
email: ecgangitano@apilegaloutreach.org

LUIS A. PEREZ JIMENEZ (CAL. BAR NO. 319857)
CINTHIA NATALY FLORES (CAL. BAR NO. 304025)
COALITION FOR HUMANE IMMIGRANT RIGHTS
2533 W. Third St., Suite 101
Los Angeles, CA 90057
Telephone: (213) 353-1333
Facsimile: (213) 353-1344
email: lperez@chirla.org
cflores@chirla.org

/ / /

Following the July 11, 2019 Status Conference and this Court's Minute Order (Docket No. 24), counsel for the Plaintiffs and Defendant met and conferred on July 11, 2019, subsequently communicated via email, and held a telephonic conference call with USCIS counsel and FOIA staff on September 5, 2019. The parties now submit the following Joint Status Report in advance of the Status Conference set for Thursday, September 12, 2019, at 8:30 a.m.

**<u>Plaintiffs' Position</u>:**

Defendants again seek additional time to respond to a FOIA request now over a year old. They claim below that USCIS FOIA staff have requested the assistance of "numerous agency program offices" across USCIS to assist in searching for responsive records, but do not identify those offices, or state when these unidentified offices were requested to search for responsive records, or identify any records those unidentified offices have produced to date.[1]  USCIS initiated a "rolling release" of records on June 28, 2019. However, to date the "rolling release" has resulted in Plaintiffs receiving only what appears to be single slide presentation entitled "WMMI USCIS a Service Program," dated December 2017.  This document appears to be a plan or proposal to "increase efficiency and reduce costs through the implementation of successful end to end e-services." Defendant fails to state what request it believes this document responds to, and it is entirely unclear to Plaintiffs what request, if any, it responds to.

Now Defendant states below that "continuing a lengthy rolling release would not be productive," and "[t]he FOIA staff has determined that an additional, targeted search for responsive records is necessary." Defendant does not explain why after about nine months of claiming it would adopt a "rolling release" approach to the FOIA request, it now believes a rolling release "would not be productive," or why the FOIA staff now believes an additional "targeted" search for responsive records is necessary.

---

[1] Defendant claims that the data received from these offices consists of "over 133 GB of records." This information is entirely meaningless as the records could, for example, include simply one database comprising 133 GB of data.

*CHIRLA et al. v. USCIS*
SUPPLEMENTAL JOINT RULE 26(f) REPORT

It has seemingly taken USCIS about a year to only now identify "several USCIS program offices for a narrowly targeted new search for responsive records." The agency now claims it needs 60 days (to "approximately" November 15, 2019) to complete the search, and proposes that it then "resume a rolling production" of responsive records to be completed by "approximately" December 16, 2020. Under Defendant's approach, it appears only then will the parties meet and confer to address claimed exemptions and any issues regarding the scope of the search. Defendant's proposals are far afield from the timelines set out in the Freedom of Information Act. It increasingly appears the only way to resolve this case may be by way of a motion for summary judgment.

In the interim, Plaintiffs' position remains largely unchanged from previous status reports.

I.      Timing and manner of release of requested records.

1.  Index to records released or withheld:

Plaintiffs acknowledge receipt of the first FOIA release of approximately 500 pages of documents. The pages were released without an index or any indication what documents respond to what requests. Plaintiffs request that Defendants produce an index of documents released indicating what request(s) each document responds to. We believe the Court. Previously agreed that when releasing documents Defendant must indicate what document responds to what request.

Plaintiffs also request that for any responsive documents for which Defendant claims an exemption, Defendant list the document in an index stating (i) the date of the document, (ii) number of pages, (iii) author(s), (iv) recipient(s), (v) subject-line of the document (unless the subject line is itself exempt in which case Defendant shall state the subject of the document without disclosing exempt information), and (vi) the

exemption(s) claimed. Defendant should release all segregable portions of otherwise exempt documents. Plaintiffs believe the Court previously indicated that at minimum Defendant must provide an index to any requested but withheld records.

2.  Timing of release

Plaintiffs see no reason why releasing records should take over a year from now, and *over two years* after the request was made. The FOIA contemplates release of requested documents in complex cases involving multiple offices of an agency within sixty (60) days, not well over two years.

Twenty well-defined requests are included in the Plaintiffs' FOIA letter of August 6, 2018. As noted below, as requested by Defendant, Plaintiffs have limited the scope of their FOIA requests. The majority of documents sought are reports *routinely prepared* by Defendant regarding backlogs in processing naturalization applications and the basis for grants or denials of these applications. An appropriate search hardly requires an agency-wide search of thousands of employees' or applicants' files located throughout the country. Defendants now state they will complete the search in 60 days. Rather than leaving it within the agency's discretion as to when it releases documents, what documents it releases, and how many it releases with each "rolling" release, *Defendant should be required to release the documents with appropriate redactions within 90 days after the 60-day period in which Defendants now say they will complete the search. Defendant should also be required to provide Plaintiffs with an index to the documents located within 75 days* (*i.e.* 15 days after the search is completed).

II.   Discussion of Individual Requests

1.   All documents that report to USCIS Headquarters and those generated by USCIS Headquarters on numbers of approvals and denials of N-400 naturalization applications including but not limited to data compilations that in any way provide the reasons for denials of N-400 naturalization applications.

Plaintiffs have agreed to limit this request to documents in (1) USCIS's

Headquarters (including the Executive Secretariat, the Field Operations Directorate (FOD), and the  Office of Performance and Quality Management (OPQ)), (2) the National Benefits Center (NBC), and (3) the four USCIS Regional Offices for records created between January 1, 2016, to October 2, 2018 (the date USCIS commenced its records search following receipt of Plaintiff's FOIA request). Hereinafter the Headquarters, NBC and four Regional Offices are referred to as the "Responsive Components." Plaintiffs have also agreed with regards *all* requests, unless noted below, that USCIS will not be required to search A-file records or produce records that pertain to any specific individual N-400 application.

2.   All documents compiling data submitted by one or more of the agency's locations processing or adjudicating N-400 naturalization applications or produced by USCIS Headquarters related to the volume of or reasons for RFEs ("Requests  For  Evidence") and NOID ("Notices of Intent to Deny") notifications issued in N-400 cases.\

Plaintiffs have agreed that Request 2 may be limited to searches within the Responsive Components for responsive records created between January 1, 2016, to October 2, 2018 (the date USCIS commenced its records search following receipt of Plaintiff's FOIA request). Plaintiffs agree that USCIS need only search for data in the form of summary agency reports reporting numbers of N-400 applications received, numbers of N-400 RFE's issued, numbers of N-400 NOIDS issued, and reports re: primary reasons RFE's are issued on N-400 applications.

3.   All documents compiling data submitted by one or more of the agency's locations processing or adjudicating N-400 naturalization applications or produced by USCIS Headquarters related to the delay in processing N-400 applications.

Plaintiffs have agreed that this request may be limited to searches within the

Responsive Components for responsive records created between January 1, 2016, to

October 2, 2018 (the date USCIS commenced its records search following receipt of

Plaintiff's FOIA request).

4.    All documents relating to funds allocated by Congress for the processing and/or
      adjudication of N-400 applications.

The parties' previous status report "joint position" was that USCIS has completed

its search for records responsive to this request. USCIS asserts that there are no

responsive records because Congress allocates no funding to USCIS for adjudication of

N-400's. USCIS asserts that it is fee-for-service funded instead, and N-400 processing is

not funded through Congressional appropriations.

5.    All documents compiling data that show the fees received with naturalization
      applications, excluding documents relating to individual cases such as receipts,
      deposits, etc.

Plaintiffs have agreed that Request 5 may be limited to searches within USCIS's

Headquarters (including the Executive Secretariat, the Field Operations Directorate

(FOD), and the  Office of Performance and Quality Management (OPC)) for data that

shows the amount of fees received by USCIS from N-400 applicants for fiscal years

2016 through fiscal year 2018 (Oct. 1, 2015 – Sept. 30, 2018).

6.    All documents regarding USCIS's allocation of funds to its various facilities and
      field offices for the processing or adjudication of N-400 applications.

Plaintiffs have agreed that Request 6 may be limited to searches within USCIS's Responsive Components for documents regarding USCIS's allocation of funds to its various facilities and field offices for the processing or adjudication of N-400 applications for fiscal years 2016 through fiscal year 2018 (Oct. 1, 2015 – Sept. 30, 2018)

7.    All documents relating in whole or in part to decisions by USCIS officials regarding allocations of funds to the processing centers and field offices for the adjudication of N- 400 applications.

Plaintiffs have agreed Request 7 may be limited to searches within USCIS's Responsive Components for documents relating in whole or in part to decisions by USCIS officials regarding allocations of funds to the processing centers and field offices for the adjudication of N- 400 applications for fiscal years 2016 through fiscal year 2018 (Oct. 1, 2015 – Sept. 30, 2018).

8.    All documents that address or concern delays or backlogs in the processing time for naturalization applications.

Plaintiffs have agreed that Request 8 may be limited to searches within USCIS's Responsive Components for documents that address or concern delays or backlogs in the processing time for naturalization applications. In addition, Plaintiffs agree (and believe Defendant agrees) that Defendant may limit its search of emails to the emails of the USCIS Director (or Acting Director), USCIS Deputy Director (or Acting Deputy Director), the FOD Director (or Acting FOD Director) and the FOD Deputy Director (or Acting Deputy Director) that were sent between March 1, 2017, to October 2, 2018, ("E-Mail Records") by these individuals and that discuss delays or backlogs in the processing time for naturalization applications.

*CHIRLA et al. v. USCIS*
SUPPLEMENTAL JOINT RULE 26(f) REPORT

9.    To the extent not provided in response to Request Number 8, all data compilations and spreadsheets addressing in whole or in part delays or backlogs in the processing or adjudication of naturalization applications.

Plaintiffs have agreed that Request 9 may be limited to searches within the Responsive Components and believe Defendant agrees should include Defendant's Office of Performance and Quality ("OPQ") for responsive records created between January 1, 2016, to October 2, 2018.

10.   To the extent not provided in response to a separate request, all documents reporting on: (a) the volume of naturalization applications received; (b) where the applications were received; (c) where the applications were processed and adjudicated; and (d) how long it took to fully process and adjudicate the naturalization applications.

Plaintiffs have agreed that Request 10 may be limited to searches within the Responsive Components and OPQ for (1) responsive records created between January 1, 2016, to October 2, 2018 and (2) Email Records as defined above.

11.   All documents relating to inquiries from or responses to members of Congress relating to the delays in processing N-400 applications.

Plaintiffs have agreed Defendant may limit the search to the USCIS Office of Legislative Affairs for records received from members of Congress between March 1, 2017, and Oct. 2, 2018, that pertain to Congressional inquiries related to delays in N-400 processing.

12.   All documents including but not limited to memoranda, guidance, instructions, or directives issued to facilities, centers, or field offices discussing policy or procedures to be followed in the processing or adjudication of N-400 applications.

Plaintiffs have agreed that Request 12 may be limited to searches (1) within the Responsive Components created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above. Plaintiffs agree that Defendant will compile responsive draft

*CHIRLA et al. v. USCIS*
SUPPLEMENTAL JOINT RULE 26(f) REPORT

documents and provide Plaintiffs with a list of the draft documents for which an exemption may be asserted including the documents' dates, page lengths, author, recipient(s), and subject matter as set forth in the document. Plaintiffs agree to meet and confer with USCIS about the production of any draft agency material Plaintiffs would like produced that pertains to the final agency documents described herein.

13.   All documents and data compilations sent to or prepared by the Administrative Appeals Office addressing the number of pending and decided appeals of denials of N-400 applications and the outcome of those appeals. This request does not seek copies of the individual appeals or decisions.

Plaintiffs have agreed that USCIS will search the USCIS Administrative Appeals Office (AAO), for responsive records created by AAO between Jan. 1, 2016, and Oct. 2, 2018, and USCIS will also search for any summary AAO reports on the outcome of AAO appeals. The search will be limited to summary reports that do not include personally identifiable information pertaining to individual N-400 applicants and appellants.

14.   All documents sent to or prepared by USCIS regarding delays in naturalization applications due to problems implementing or using the Electronic Immigration System ("ELIS").

Plaintiffs have agreed that Request 14 may be limited to searches (1) within the Executive Secretariat, the Field Operations Directorate (FOD), and the OPQ, created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above.

15.   All documents and data relied upon in The Department of Homeland Security Ombudsman 2017 Annual Report To Congress regarding the USCIS (at https://www.dhs.gov/sites/defauIt/files/publications/OHS%20Annual%20Rep011 %2020170.pdf).

Plaintiffs have agreed that Request 15 may be limited to searches (1) within the Executive Secretariat, the FOD, and the OPQ, created between Jan. 1, 2016 and Oct. 2,

2018, and (2) Email Records as defined above. Even if this request seeks records created by another agency, USCIS is required to respond to the extent requested records are in its possession.

16. All documents and data relied upon in The Department of Homeland Security Office of Inspector General Report (OIG) "USCIS Has Been Unsuccessful in Automating Naturalization Benefits Delivery," dated November 30, 2017 (at https://www.oig:dhs.gov/reports/2018/uscis-has-been-unsuccessful-automating-naturalization-benefits-delivery/oig-18-23).

Plaintiffs have agreed that Request 16 may be limited to searches (1) within the Executive Secretariat, the FOD, and the OPQ, created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above. Even if this request seeks records created by another agency, USCIS is required to respond to the extent requested records are in its possession.

17. All complaints filed by naturalization applicants or those acting on behalf of naturalization applicants regarding inappropriate, abusive, or discriminatory treatment of naturalization applicants by USCIS employees.

Plaintiffs have agreed that Request 17 may be limited to searches (1) within the Executive Secretariat, and the Field Operations Directorate (FOD), created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above. The Plaintiffs agree that USCIS is not required to search A-files for responsive records.

18. All documents related to a review, update, or revision of the USCIS Fee Review Study described here: https://www.federalregister.gov/documents/2016/05/04/2016-10297/us-citizenship-and-immigration-services-fee-schedule.

Plaintiffs have agreed that Request 18 may be limited to searches (1) within the Executive Secretariat, the FOD, and the OPQ, created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above.

19.   All documents relied upon, issued in response to, or to implement the change in the mission of USCIS announced on February 22, 2018 described here:https://www.uscis.gov/news/news-releases/uscis-director-l -francis-cissna-new-agency-mission-statement

Plaintiffs have agreed that Request 19 may be limited to searches (1) within theExecutive Secretariat, theFOD, and the OPQ, created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above.

20.   All documents received by USCIS from the White House or forwarded by USCIS to the White House regarding in whole or in part the processing or adjudication of naturalization applications.

Plaintiffs have agreed that Request 20 may be limited to searches (1) within the Executive Secretariat, the FOD, and the Office of Legislative Affairs, created between Jan. 1, 2016 and Oct. 2, 2018, and (2) Email Records as defined above.

**Defendant's Position:**

The only issue before the Court in a FOIA case is whether Plaintiff is entitled to particular agency records.  The waiver of sovereign immunity under the FOIA establishes the Court's jurisdiction to enjoin an agency from improperly withholding agency records and to order the production of any such improperly withheld agency records.  5 U.S.C. § 552(a)(4)(B); Spurlock v. FBI, 69 F.3d 1010, 1015 (9th Cir. 1995). Under FOIA, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).  Here, Defendant has not withheld records.  Defendant needs additional time to complete its search for records and to respond to the Plaintiffs' FOIA request.

Based on their review of USCIS records compiled from searches for responsive records, USCIS FOIA has determined an additional search is necessary. Plaintiffs' FOIA

10

1   request consists of a comprehensive 20-item list seeking records generally related to

2   USCIS's processing of N-400 (naturalization) applications. USCIS FOIA staff had to

3   request the assistance of numerous agency program offices across USCIS to assist in

4   searching for responsive records. The agency program offices, in turn, searched their

5   database systems and files for records potentially responsive to any of the 20 items in the

6   FOIA request and forwarded them to the USCIS FOIA division for review to determine

7   responsiveness. That data compilation resulted in over 133 GB of records. USCIS FOIA

8   staff began processing those records and initiated rolling release of records on June 28,

9   2019. The FOIA staff has continued processing those documents, but has determined

10  that the records it was provided are not sufficiently responsive to Plaintiffs voluminous

11  and complex FOIA request. Thus, continuing a lengthy rolling release would not be

12  productive. The FOIA staff has determined that an additional, targeted search for

13  responsive records is necessary.

14       In an effort to obtain a sufficiently responsive compilation of records, USCIS

15  FOIA has identified several USCIS program offices for a narrowly targeted new search

16  for responsive records.  USCIS needs to conduct additional searches of the USCIS Field

17  Office Directorate, Office of Chief Financial Officer, Office of Performance and Quality,

18  Office of Legislative Affairs, Administrative Appeals Office, Office of Investigations,

19  Office of Information Technology, and the Electronic Immigration System database.

20       Accordingly, Defendant proposes the following schedule:

21  • USCIS will complete the new search in 60 days (approximately November 15,

22    2019); and

23  • USCIS will resume a rolling production of responsive records to Plaintiffs within

24    30 days following completion of the new records search (approximately December

25    16, 2020.

26  • Defendant will agree to process approximately 500 pages per month, and provide

27    monthly responses to the Plaintiffs, along with the release of any non-exempt

28

11

*CHIRLA et al. v. USCIS*
SUPPLEMENTAL JOINT RULE 26(f) REPORT

documents/portions of documents.

Defendant further proposes that after the FOIA response is complete, the parties will meet and confer regarding any remaining issues to be litigated in this case. If records are withheld and if Plaintiffs challenge the withholdings, the matter should be resolved on motions for summary judgment. "Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law." See Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987, 989 (9th Cir. 2016) (en banc); Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008); Sakamoto v. EPA, 443 F.Supp.2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim."). The parties will then propose a briefing schedule to the Court.  As Defendant has not yet completed its search for records in this case or identified the universe of documents that may be at issue, Defendant cannot propose a briefing schedule at this time.

/ / /

*CHIRLA et al. v. USCIS*
SUPPLEMENTAL JOINT RULE 26(f) REPORT

1

2
Dated:  September 10, 2019

3

4

5

6

7

8
Dated:  September 10, 2019

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

PETER A. SCHEY
CARLOS R. HOLGUIN
CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW

*/s/ Peter Schey*

_____

Attorneys for Plaintiffs

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

*/s/ Alarice M. Medrano*

_____

ALARICE M. MEDRANO
Assistant United States Attorney

Attorneys for Defendant, United States
Citizenship and Immigration Services,
Department of Homeland Security

*CHIRLA et al. v. USCIS*
SUPPLEMENTAL JOINT RULE 26(f) REPORT

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On September 10, 2019 I electronically filed the following document(s):

SUPPLEMENTAL JOINT RULE 26(f) REPORT

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Peter Schey
_____
Attorneys for Plaintiffs

*CHIRLA et al. v. USCIS*
SUPPLEMENTAL JOINT RULE 26(f) REPORT